**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 22, 2005
Decided March 14, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-1721

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>    *v.* <br><br> DOUGLAS LONG, <br>     *Defendant-Appellant*. | Appeal from the United States <br>   District Court for the <br>   Central District of Illinois. <br><br> No. 03 CR 40065 <br><br> Michael M. Mihm, *Judge*. |

**O R D E R**

Douglas Long pleaded guilty to one count of possession of child pornography and one count of criminal forfeiture. See 18 U.S.C. §§ 2252A(a)(5)(B), 2253. Relying on the Sentencing Guidelines, the district court sentenced Long to 96 months' imprisonment, departing upward by four offense levels beyond the applicable Guidelines range based on the large number of images Long possessed on his computer. In *United States v. Long*, 425 F.3d 482 (7th Cir. 2005), we ordered a limited remand of Long's sentence in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005), so that the district court could determine

whether it believed the sentence remains appropriate now that *Booker* has relegated the Sentencing Guidelines to advisory status. In all other respects, we affirmed the judgment of the district court.

The district court has replied that, now knowing that the Guidelines are not mandatory, it would reimpose the same sentence. Referencing the factors enumerated in 18 U.S.C. § 3553(a) , the court stated that it has "t[aken] into account the Defendant's unblemished criminal record and the positive aspects of his life," but nevertheless concluded that "[u]nder all the circumstances, a sentence of less than 96 months would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment." Rather than focus on the number of images Long possessed, the district court instead emphasized that Long had admitted to sexually molesting his two-year old daughter. The court explained: "It is this court's experience over many years and many cases that, once the offender evolves from looking at pictures to actual molestation of a child, the chances for recurrence are greatly increased. See [ ] § 3553(a)(2)(C). The court believes that if Defendant is not adequately punished now, he will revert to similar crimes involving children once he is released from custody."

In *Paladino*, we held that if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*, 125 S.Ct. at 765." 401 F.3d at 484 (7th Cir. 2005). In *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), we held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* at 608. When a judge "departs from the guidelines sentence (in either direction-that of greater severity, or that of greater lenity), [a] more compelling [] justification based on factors in section 3553(a) ... must [be] offer[ed] in order to enable the court of appeals to assess the reasonableness of the sentence imposed." *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); see also *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005) ("Sentences varying from the guidelines range ... are reasonable so long as the judge offers appropriate justification under the factors specified in 18 U.S.C. § 3553(a).").

We invited both parties to file any arguments concerning the reasonableness of Long's sentence. The government filed a statement urging us to find the sentence reasonable and affirm; Long did not respond. We find that although the district court exercised its discretion to issue a sentence above than the advisory Guideline range—and therefore the sentence is not entitled to a rebuttable presumption of reasonableness—the justification provided by the district court for its sentencing choice is sufficient under *Dean*. We therefore find Long's sentence to be reasonable.

Because the district court would have imposed the same sentence post-*Booker* and because that sentence is reasonable, we conclude that Long's sentence was not the result of plain error. We therefore AFFIRM the judgment of the district court.